**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000586
31-JAN-2014
08:39 AM**

NO. CAAP-12-0000586

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CEDRIC AH SING, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 11-1-0035 (CR. NO. 56581))

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Foley and Leonard, JJ.)

Plaintiff-Appellant Cedric Ah Sing (Ah Sing) filed a "Petition for Post-Conviction Relief" (Petition) pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 40 (2006). He also moved for appointment of counsel with respect to the Petition. The Circuit Court of the First Circuit (Circuit Court) denied Ah Sing's Petition and motion for appointment of counsel without a hearing.[1]

Ah Sing appeals *pro se* from the Circuit Court's "Findings of Fact, Conclusions of Law, and Order Denying Petition for Post-Conviction Relief Without a Hearing and Denial of Motion for Appointed Counsel" (Order Denying Petition and Motion for Appointment of Counsel), which was filed on May 10, 2012. On appeal, Ah Sing argues that the Circuit Court erred by: (1)

---

[1] The Honorable Steven S. Alm presided over the proceedings relevant to this appeal.

failing to determine that his extended term sentences were illegal, where the aggravating circumstances were not charged in the indictment and found by a jury; (2) failing to retroactively apply Act 1 of the Second Special Session of 2007 (Act 1), 2007 Haw. Sess. Laws, Second Spec. Sess., Act 1, §§ 1-8 at 1-4, to vacate his extended term sentences; (3) failing to appoint counsel to represent him in the HRPP Rule 40 proceedings; and (4) "hastily resolving [his] case to avoid any mandamus ruling[.]" As explained below, we affirm the Circuit Court.

I.

In his underlying criminal case, Ah Sing was indicted on January 6, 1982, and charged with two counts of Robbery in the First Degree (Counts I and II) and one count of Possession of Firearm by a Person Convicted of Certain Crimes (Count III). After a jury trial, Ah Sing was found guilty as charged on all three counts. Respondent-Appellee State of Hawai'i (State) filed a Motion for Extended Term of Imprisonment, pursuant to Hawaii Revised Statutes (HRS) §§ 706-661 and -662(4) (1976); a Motion for Mandatory Term of Imprisonment; and a Motion for Sentencing of Repeat Offender.

The Circuit Court granted the State's motion for extended terms of imprisonment, finding that Ah Sing was a multiple offender under HRS § 706-662(4) "whose criminality was so extensive that a sentence of imprisonment for an extended term is warranted in each count," and the Circuit Court also granted the State's motion for mandatory minimum terms of imprisonment. The Circuit Court sentenced Ah Sing to extended terms of imprisonment of life imprisonment with the possibility of parole on Counts I and II and ten years of imprisonment on Count III. The Circuit Court also imposed ten-year mandatory minimum terms on Counts I and II. The Circuit Court entered its Judgment on May 24, 1982. Ah Sing did not appeal from the Judgment, and therefore, his conviction and sentence became final on or about June 23, 1982. See Hawai'i Rules of Civil Procedure Rule 73(a)

2

(1980) (requiring that a notice of appeal be filed within 30 days from the entry of judgment).

Almost thirty years later, on June 21, 2011, Ah Sing filed the instant Petition pursuant to HRPP Rule 40. The sole ground Ah Sing raised in his Petition was: "Illegal Extended Sentence to Life/with," for which he provided the following supporting facts: "Extended Sentence not charged in indictment or put before the jury. Also, all counts were to be charged as one count, Repeat offender motion denied[.]" On August 2, 2011, Ah Sing filed a Motion for Appointment of Counsel with respect to his Rule 40 Petition.

On May 10, 2012, the Circuit Court issued its Order Denying Petition and Motion for Appointment of Counsel. The Circuit Court concluded that Ah Sing's claim for relief was foreclosed by controlling precedent, was "patently frivolous," and was "without trace of support either in the record or from other evidence submitted by [Ah Sing]." The Circuit Court therefore denied Ah Sing's Petition without a hearing and denied his request for appointment of counsel.

II.

We resolve the issues raised by Ah Sing on appeal as follows:

A.

Ah Sing argues that his extended term sentences were illegal because the aggravating circumstances were not charged in the indictment and found by a jury. For Ah Sing's argument to have any merit, (1) Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny, and (2) State v. Maugaotega, 115 Hawaiʻi 432, 168 P.3d 562 (2007) ("Maugaotega II"), which was based on Cunningham v. California, 549 U.S. 270 (2007), a progeny of Apprendi, would have to apply retroactively to Ah Sing's collateral attack of his extended term sentences. However, Ah Sing's convictions and sentences became final in 1982, long before Apprendi was decided. Based on well-established precedent, it is clear that Apprendi, Apprendi's progeny, and

Maugaotega II do not apply retroactively to Ah Sing's collateral attack of his extended term sentences. See State v. Gomes, 107 Hawai'i 308, 312-14, 113 P.3d 184, 188-90 (2005); Loher v. State, 118 Hawai'i 522, 534-38, 193 P.3d 438, 450-54 (App. 2008); United States v. Cruz, 423 F.3d 1119, 1120-21 (9th Cir. 2005).

We also reject Ah Sing's contention that his extended term sentences were illegal based on the law that existed before Apprendi. Prior to the Hawai'i Supreme Court's 2008 decision in Maugaotega II, the supreme court had held that aggravating circumstances that were extrinsic to the elements of the charged offense, such as the multiple-offender aggravating circumstance under HRS § 706-662(4), did not need to be alleged in the indictment or found by the jury. See State v. Schroeder, 76 Hawai'i 517, 527-28, 880 P.2d 192, 202-03 (1994); State v. Tafoya, 91 Hawai'i 261, 271, 982 P.2d 890, 900 (1999); State v. Kaua, 102 Hawai'i 1, 12-13, 72 P.3d 473, 484-85 (2003); State v. Jess, 117 Hawai'i 381, 393-94, 400-01, 184 P.3d 133, 145-46, 153-53 (2008). Therefore, Ah Sing's extended term sentences were legal when they were imposed. Moreover, contrary to Ah Sing's contention, Maugaotega II did not render the version of HRS § 706-662 under which his extended term sentences were imposed void *ab initio*. See Jess, 117 Hawai'i at 386-89, 406-15, 184 P.3d at 138-41, 158-67; State v. Cutsinger, 118 Hawai'i 68, 79-82, 185 P.3d 816, 827-830 (App. 2008), overruled in part on other grounds by Jess, 117 Hawai'i at 398 n.17, 184 P.3d at 150 n.17; Loher, 118 Hawai'i at 534-38, 193 P.3d at 450-54; Gomes v. State, No. 30617, 2011 WL 2438768, *1-2 (Hawai'i App. June 6, 2011) (SDO).

Accordingly, based on established and controlling precedent, we conclude that Ah Sing's claim that his extended term sentences were illegal is without merit.

B.

Ah Sing contends that Act 1 should be applied retroactively to invalidate his extended term sentences. We

4

disagree. Ah Sing's argument is based on his misunderstanding and misreading of Act 1.

After the Hawai'i Supreme Court's decision in Maugaotega II, the Hawai'i Legislature enacted Act 1 "to amend Hawaii's extended term sentencing statutes to ensure that the procedures used to impose extended terms of imprisonment comply with the requirements set forth by the United States Supreme Court and Hawaii supreme court." 2007 Haw. Sess. Laws, Second Spec. Sess., Act 1, § 1 at 2. The Legislature, however, made it clear that Act 1 was not intended to apply to defendants, such as Ah Sing, whose extended term sentences were not subject to collateral attack based on Apprendi, Apprendi's progeny, and Maugaotega II. Act 1 states:

> The legislature intends that [the amendments made by Act 1] apply to any case that requires resentencing because of the decisions in the Apprendi, Blakely, Booker, Cunningham, and Maugaotega [II] cases. It is not the purpose of this Act to confer upon a defendant who has previously been sentenced to an extended term the right to be resentenced under the new procedures in this Act, unless the defendant is otherwise legally entitled to be resentenced. As the Hawaii supreme court held in State v. Gomes, 107 Haw. 308, 113 P.3d 184 (2005), the Apprendi rule itself does not retroactively apply to those cases in which the defendant's conviction became final prior to the United States Supreme Court's announcement of that rule in 2000.

Id. (emphasis added).

Ah Sing cites to Section 5 of Act 1 which states:

> This Act shall apply to all sentencing or resentencing proceedings pending on or commenced after the effective date of this Act, whether the offense was committed prior to, on, or after the effective date of this Act. A defendant whose extended term of imprisonment is set aside or invalidated shall be resentenced pursuant to this Act upon request of the prosecutor. This Act shall not entitle a defendant who has previously been sentenced to an extended term to be resentenced pursuant to the procedures set forth in this Act unless the defendant is otherwise legally entitled to be resentenced.

Id., § 5 at 4 (emphasis added). Ah Sing's reliance on Section 5 is misplaced. Section 5 clearly provides that Act 1 does not entitle a defendant previously sentenced to an extended term to be resentenced under the procedures set forth in Act 1 unless the

5

defendant is "legally entitled to be resentenced." As we have previously concluded, Ah Sing is not legally entitled to be resentenced.

Accordingly, both the plain language and the legislative history of Act 1 conclusively refute Ah Sing's contention that Act 1 should be applied retroactively to invalidate his extended term sentences.

C.

Relying on the United States Supreme Court's recent decision in Martinez v. Ryan, 566 U.S. ---, 132 S. Ct 1309 (2012), Ah Sing contends that the Circuit Court erred in denying his request for appointment of counsel. However, Martinez is inapposite. In Martinez, the Court decided the narrow question of "whether ineffective assistance in an initial-review collateral proceeding on a claim of ineffective assistance at trial may provide cause for a procedural default in a federal habeas proceeding," and it answered this question in the affirmative. Id. at ---, 132 S. Ct. at 1315.

Ah Sing's reading of Martinez as establishing a constitutional right to counsel in an initial-review collateral proceeding is plainly wrong. See Tierney v. State, SCPW-13-000095, 2013 WL 656765 (Feb. 21, 2013) (unpublished order).[2] Indeed, the United States Supreme Court explicitly declined to address whether there was a constitutional right to counsel in such a proceeding. Martinez, --- U.S. at ---, 132 S. Ct. at 1315, 1319-20. Instead, the Court rested its decision on its discretionary exercise of its equitable judgment to establish rules for when a prisoner may establish cause to excuse a procedural default in a federal habeas proceeding. Id. at 1318.

---

[2] In Tierney, Petitioner Michael C. Tierney filed a motion for appointment of counsel, arguing that pursuant to Martinez, all states were required to appoint counsel in post-conviction proceedings. Tierney, SCPW-13-000095, 2013 WL 656765. The Hawaiʻi Supreme Court construed Tierney's motion as a petition for mandamus and denied it. The Hawaiʻi Supreme Court held that Tierney "does not have a clear and indisputable right to the appointment of counsel in a post-conviction proceeding" and that "the Martinez decision does not mandate the appointment of counsel." Id.

The Court stated that its "equitable ruling"

> permits a State to elect between appointing counsel in initial-review collateral proceedings or not asserting a procedural default and raising a defense on the merits in federal habeas proceedings.  In addition, state collateral cases on direct review from state courts are unaffected by the ruling in this case.

Id. at 1320.

Because Martinez did not establish a federal constitutional right to counsel with respect to Ah Sing's Petition, Hawai'i precedents and Hawai'i law on the right to counsel for post-conviction proceedings under HRPP Rule 40 are controlling.  The Hawai'i Supreme Court has held that an indigent petitioner does not have a constitutional right to counsel in post-conviction proceedings, but that counsel may be appointed in such proceedings at the discretion of the court.  See State v. Levi, 102 Hawai'i 282, 287-89, 75 P.3d 1173, 1178-80 (2003); Engstrom v. Naauao, 51 Haw. 318, 321, 459 P.2d 376, 378 (1969).

HRPP Rule 40(i) provides:

> If the petition alleges that the petitioner is unable to pay the costs of the proceedings or to afford counsel, the court shall refer the petition to the public defender for representation as in other penal cases; provided that no such referral need be made if the petitioner's claim is patently frivolous and without trace of support either in the record or from other evidence submitted by the petitioner.

The claim for relief raised by Ah Sing in his Petition was foreclosed by established and controlling precedents.  We conclude that the Circuit Court did not abuse its discretion in denying Ah Sing's motion for appointment of counsel under the standards set forth in HRPP Rule 40(i).  See Levi, 102 Hawai'i at 287-89, 75 P.3d at 1178-80.

D.

While Ah Sing's Petition was pending, he filed a petition for mandamus with the Hawai'i Supreme Court.  Ah Sing contends that the Circuit Court erred in "hastily resolving [his] case to avoid any mandamus ruling."  We fail to see how this claim entitles Ah Sing to any relief.  Moreover, the record does

7

not support Ah Sing's claim.  The Circuit Court's Order Denying Petition and Motion for Appointment of Counsel was well-reasoned and included a thorough discussion of the relevant facts and applicable law.  Accordingly, we reject Ah Sing's claim.

III.

We affirm the Circuit Court's Order Denying Petition and Motion for Appointment of Counsel.

DATED: Honolulu, Hawai'i, January 31, 2014.

On the briefs:

Cedric Ah Sing
Petitioner-Appellant Pro Se

Loren J. Thomas
Deputy Prosecuting Attorney
City and County of Honolulu
for Respondent-Appellee

*Craig H. Nakamura*

Chief Judge

*(signature)*

Associate Judge

*(signature)*

Associate Judge